**YUN SHAN NI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–2656.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 2, 2008.

Filed: April 7, 2008.

---

Liu Yu, New York, NY, for Petitioner.

Richard M. Evans, Justice Department, Civil Division, Immigration Litigation Office, Rebecca A. Niburg, United States Department of Justice, Office of Immigration Litigation, Washington, DC, Sada Manickam, for Attorney General of the United States.

Before: SLOVITER, STAPLETON, and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Yun Shan Ni petitions for review of an order of the Board of Immigration Appeals ("BIA"). For the reasons below, we will deny the petition for review.

Ni, a native of China, attempted to enter the United States on August 12, 2003. On August 19, 2003, he was charged as removable as an immigrant not in possession of valid entry documents. Ni conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Ni argued that he was persecuted in China as a result of reporting government corruption. After a hearing, the IJ made an adverse credibility finding, denied relief, and ordered Ni removed to China. The BIA dismissed the appeal. It did not address the adverse credibility finding, but it agreed with the IJ that Ni had not met his burden of proof. The BIA stated that Ni had not shown a link between the alleged persecution and any actual or imputed political opinion. Through counsel, Ni then filed a timely petition for review.

The BIA's decision should be reversed only if the record permits but one reasonable conclusion which was not the one reached by the Board. *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because the BIA did not address the adverse credibility finding, we assume that Ni's testimony was credible. *Li v. Attorney General*, 400 F.3d 157, 163–64 (3d Cir.2005). To establish eligibility for asylum, an applicant must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Vente v. Gonzales*, 415 F.3d 296, 300 (3d Cir.2005).[1]

1. Ni only addresses his claim for asylum in his brief and does not argue that he is entitled to withholding of removal or relief under the CAT.

Ni testified that he had been working as a clerk for the village committee for six months when he observed a government official accepting a bribe. He reported this to a supervisor who seemed unconcerned and advised Ni not to say anything unless he had proof. Ni did not report the incident to the police or the media. Ten days later, he was arrested and accused of embezzlement and levying false charges.[2] During his three-month detention, Ni alleged he was beaten by police officers. He admitted at the hearing that he never told the police about the alleged bribe he witnessed.

The BIA recognized that retaliation for exposing political corruption could be found to be persecution on account of political opinion. *Cao v. Attorney General*, 407 F.3d 146, 153 (3d Cir.2005)("[I]t is clear that Cao's allegations of detention and physical abuse for exposing and criticizing a government practice would be encompassed in the more general asylum protections for those who have been persecuted on account of political opinion.") However, the BIA noted that unlike other asylum cases involving political corruption, Ni never publicized his suspicions beyond informing a supervisor. The BIA concluded that there was no evidence that Ni reported the corruption because of his political opinion or that his supervisor imputed a political opinion to him.

In *Cao*, the alien alleged she was persecuted for working with a reporter to expose infanticide in the hospital in China in which she worked. In his brief, Ni cites to three other cases involving persecution on account of exposing political corruption. In *Grava v. INS*, 205 F.3d 1177 (9th Cir. 2000), the alien's testimony against a corrupt supervisor was publicized in the media. In *Bu v. Gonzales*, 490 F.3d 424 (6th Cir.2007), the alien had organized a strike to expose corruption by government officials. In *Mamouzian v. Ashcroft*, 390 F.3d 1129 (9th Cir.2004), the alien was beaten for participating in an anti-government rally and writing articles in opposition to corruption by the ruling party.

Here, Ni reported one incident of alleged bribery to a supervisor who seemed uninterested and advised Ni not to say anything. Ni did not report the incident to any other supervisors, the media or law enforcement. Even when he was charged with falsely accusing an official, Ni did not tell law enforcement what he had observed. Moreover, his detention was also based on charges of embezzlement. Ni has not shown that the record compels a finding of past persecution or a well-founded fear of future persecution on the basis of political opinion.

Accordingly, we will deny the petition for review.

---

**2.** In his asylum application, Ni did not mention being accused of levying false charges; he only stated that he was accused of embezzlement. The charges against him were not specified in his certificate of detention.